UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE CARRINGTON TEA COMPANY LLC d/b/a CARRINGTON FARMS,<br><br>  *Plaintiff*,<br><br> v.<br><br>PRETIUM PACKAGING L.L.C.,<br><br>  *Defendant.*<br><br>PRETIUM PACKAGING L.L.C.,<br><br>  *Third-Party Plaintiff*,<br><br> v.<br><br>TIPTON MILLS FOODS, LLC, et al.<br><br>  *Third-Party Defendants.* | No. 22-cv-03825(MEF)(LDW)<br><br>**OPINION and ORDER** |

For the purposes of this brief Opinion and Order, the Court assumes full familiarity with the facts and procedural history of this case.

\*   \*   \*

Third-Party Defendant Tipton Mills Foods, LLC ("the Defendant") has moved to dismiss on various grounds. See ECF 58. These include lack of jurisdiction.

"Jurisdictional questions must generally be answered before any others[,]" Howard v. Wells Fargo Bank, N.A., 2024 WL 2044622, at *1 n.4 (D.N.J. May 8, 2024), aff'd, 2024 WL 4890984 (3d Cir. Nov. 26, 2024), and so the Court takes those up here at the outset.

\*   \*   \*

The Defendant presses three jurisdictional arguments. Take them one at a time.

\*   \*   \*

The first argument: there is no general jurisdiction here. See Motion to Dismiss at 7.

This argument works.

The Defendant, a Delaware limited liability company, apparently has its principal place of business in Indiana. See id.; Harding Affidavit ¶¶ 2, 3, 7. This means the Defendant is not "at home" in New Jersey. See Daimler AG v. Bauman, 571 U.S. 117, 136-39 (2014); see also Rodriguez Rivera v. Loto Grp., LLC, 2020 WL 7384720, at \*1 (D.N.J. Dec. 16, 2020) (applying the Daimler "at home" principle to a limited liability company); Hannah v. Johnson & Johnson Inc., 2020 WL 3497010, at \*16 (D.N.J. June 29, 2020) (same, and collecting cases).

Accordingly, there is no general jurisdiction here, see Daimler, 571 U.S. at 136-39, absent possible special circumstances, see generally Caduceus, Inc. v. University Physician Grp., 713 F. Supp. 3d 30, 34-35 (D.N.J. 2024), that no one argues are in play in this case.

\*   \*   \*

Second, the Defendant contends there is no specific jurisdiction here. See Motion to Dismiss at 7-8.

But the Third-Party Plaintiff ("the Plaintiff"[1]) has put forward invoices that at least arguably suggest the Defendant shipped materials directly to New Jersey, see Opposition Brief, Exhibit 1, and it appears that this case grows in part out of those materials. See Third-Party Complaint ¶¶ 20-21.

Is this enough to establish specific jurisdiction here? Maybe, maybe not.

But no matter for now.

"Jurisdictional discovery should be allowed unless the plaintiff's jurisdictional claim is clearly frivolous." Rose v. Ferrari N. Am., Inc., 2023 WL 8653924, at \*1 (D.N.J. Dec. 14, 2023) (cleaned up). And the invoices argument is not that.

---

[1] Pretium Packaging L.L.C.

See, e.g., Schneider v. Gymshark Ltd., 2024 WL 1443547, at *1 (D.N.J. Apr. 3, 2024) (holding that information that suggests shipping goods into New Jersey is sufficient to establish entitlement to jurisdictional discovery in an analogous case).

"The bar for getting jurisdictional discovery is set relatively low[.]" Caduceus, 713 F. Supp. 3d at 39 n.13. It is met here.

And it makes sense to resolve the jurisdictional question only after further information is obtained through discovery. See id. at 39 (explaining why); cf. Prestan Prods. LLC v. Innosonian Am., LLC, 2024 WL 278985, at *5 n.17 (D.N.J. Jan. 25, 2024); see generally Opposition Brief at 9-10 (seeking jurisdictional discovery).

\*   \*   \*

The third and final argument from the Defendant: the Plaintiff's jurisdictional arguments are based on extrinsic evidence, not allegations in the Complaint. See Reply Brief at 9-10. Such materials, the argument goes, cannot be relied on in the context of Rule 12(b) motion practice. See id.

It is generally true that extrinsic materials are out of bounds in the context of a Rule 12(b)(6) motion to dismiss for failure to state a claim. See, e.g., Solecitto v. Axon Enter., Inc., 2024 WL 4213684, at *1 (D.N.J. Sept. 16, 2024).

But on a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, such materials can be relied on. See Rose, 2023 WL 8653924, at *2 n.4. Indeed, they routinely are.

\*   \*   \*

The motion to dismiss at ECF 58 is denied without prejudice. Tightly-targeted jurisdictional discovery may now be undertaken under the direction of the United States Magistrate Judge. When it is completed, a new motion under Rule 12(b)(1) and/or 12(b)(6) may be filed, on a schedule to be set by the United States Magistrate Judge.

IT IS on this 19th day of December, 2024, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

3